Case 1:07-cv-00972-JTN   ECF No. 1, PageID.1   Filed 09/28/07   Page 1 of 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - LN
07 SEP 28 PM 2: 02
RONALD WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT MICH.
BY ____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

    Plaintiff,

v.

THE WACKENHUT CORPORATION,

    Defendant.
_____/

Case No.  **1:07-cv-972**

Honorable  **Janet T. Neff**
**US District Judge**

**COMPLAINT
AND JURY DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex, and to provide appropriate relief to Ryan Erickson who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleges that The Wackenhut Corporation, (hereinafter "Defendant") discriminated against Erickson and terminated him because of his sex, male.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer (the "Employer"), has continuously been a Florida corporation doing business in the State of Michigan and the City of Covert, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Erickson filed a Charge with the Commission alleging violations of Title VII by the Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2005, Defendant Employer has engaged in unlawful employment practices at its Covert, Michigan facility, in violation of Section 703(a), 42 U.S.C. § 2000e-2(a). The Defendant's unlawful employment practices include discriminating against and terminating the employment of Erickson on the basis of his sex.

8. The effect of the practices complained of in paragraph 7 above have been to deprive Erickson of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex, male.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were and are done with malice or with reckless indifference to the federally protected rights of Erickson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discharging employees on the basis of sex and any employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all sexes, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant Employer to make whole Erickson, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating his employment.

D. Order Defendant Employer to make whole Erickson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be proven at trial.

E. Order Defendant Employer to make whole Erickson by providing compensation for past non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7

above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, in amounts to be proven at trial.

F. Order Defendant Employer to pay Erickson punitive damages for its malicious or reckless conduct described in paragraph 7 above, in amounts to be proven at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs for this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED: September 27, 2007

Respectfully submitted,

LAURIE YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

DALE PRICE (P55578)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-7808

4